IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 29  A 11: 52

DEBRA P. HACKETT, CL*
U.S. DISTRICT COURT
MIDDLE DISTRICT AL*

| | |
|---|---|
| JANICE McCOLLUM | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CASE NUMBER CV-~~05-326-W~~ |
| | )  2:05cv1237-T |
| AMTREN, INC., | ) (JURY DEMAND) |
| | ) |
| Defendant | ) |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This is an action for legal and equitable relief to redress unlawful discrimination in employment on the basis of sex in violation of 42 U.S.C. 2000e *et seq., as amended*, 42 U.S.C. § 1981a (Title VII).

2. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§1331 and 1343; pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq.*, and pursuant to 42 U.S.C. § 2000e-5 (f)(3) & (g). In addition, the jurisdiction of this Court is pursuant to 28 U.S.C. §§ 2201 & 2202 (Declaratory Judgment Act).

3. The acts complained of herein primarily relate to plaintiff's place of employment in Montgomery County, Alabama, within the Middle District of Alabama. 28 U.S.C. § 1391.

4. Plaintiff has exhausted the necessary administrative remedies. Prior to filing this civil action, plaintiff timely filed a written charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory act asserting

1

discrimination and retaliation. This action was filed within 90 days of a Dismissal and Notice of Rights (Right to Sue) letter from the EEOC, dated September 30, 2005 and received on October 6, 2005.

## II. PARTIES

5. Plaintiff, Janice McCollum, (hereinafter referred to as "Plaintiff" or "McCollum") is a woman over 21 years of age. Plaintiff resides in Autauga County, Alabama, and at all times has been a United States citizen.

6. Defendant, Amtren, Inc., is a corporation doing business in the State of Alabama and is subject to suit under Title VII of the "Civil Rights Act of 1964", as amended, 42 U.S.C. § 2000e *et seq*. The defendant employs at least fifteen (15) persons and constitutes an employer within the meaning of 42 U.S.C. § 2000e (b), (g), & (h).

## III. FACTUAL BACKGROUND

7. Plaintiff, Janice McCollum, was hired by Defendant Amtren, Inc. (hereinafter "Amtren" or the "corporation") as accounting manager in January 2004.

8. During McCollum's preemployment interview with Kirk Lamberth, owner and president of Amtren, she was told that the corporation was growing and in need of someone to manage operations so that Lamberth could spend his time on selling and marketing his product. McCollum took the job beginnning at the same salary as her previous job so that she could be a part of Amtren's management team and participate in its growth.

8. After being employed for a few weeks, McCollum was told by Lamberth that he would like to order lunch for everyone. McCollum assumed she was told this so that she could be prepared to cut a check for the meal, but on the appointed day Lamberth sent

her a list of employees, instructed her to find out their preferences, and to order lunch for everyone. McCollum did as she was instructed, but soon discovered that Lamberth expected her order lunch, set it up and clean up afterwards as a regular part of her job duties. Lamberth also expected McCollum to prepare coffee for the management office and became irate if there was no coffee made when guests came in. Lamberth never assigned lunch duties or coffee-making chores to male members of Amtren's staff.

9. Although Lamberth had promised McCollum that she would have the duties of controller of the corporation and promoted her to the position verbally in September 2004 and in writing on or about January 6, 2005, he never allowed her to assume all of the tasks and responsiblities of the position. Lamberth hired a white male in late December 2004 with the title of business manager who he gave many of the duties of the controller position.

10. During the term of McCollum's employment with the corporation, she had occasion to observe gender bias in Lamberth's employment actions and his comments about the place of women in the workplace. Because of these observations and acts, McCollum became suspicious of Lamberth's motivations when he did not permit her to assume the full scope of duties normally assigned to the position of coropate controller.

11. McCollum received a $10,000.00 salary increase in May of 2004. She received a superior job evaluation rating from Lamberth for her work in 2004, and she was granted another $3,000 raise and officially promoted to the position of controller of the corporation on January 6, 2005. She was also rewarded with a $10,000 performance bonus and a share of the corporation's profits. McCollum's contributions to the corporation management structure and increased profits were praised by Lamberth and

cited as evidence of the future growth potential of the corporation.

12. Despite these admitted contributions to the corporation's profitability, Lamberth terminated McCollum's employment or or about April 8, 2005; purportedly because of an error she had committed and corrected. Lamberth informed McCollum that he could not longer trust her as a result of this. This was merely a pretext for the real motive in terminating McCollum—her gender and race. Lamberth did not terminate white male employees who committed errors in their work assigments which cost the corporation signifcant sums of money.

17. McCollum informed Lamberth at the time of her termination that he was wrongfully discriminating against her and that she would seek redress for his actions. She subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission, and timely files this lawsuit within ninety days of receipt of her Notice of Right to Sue from the Commission.

## IV. STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

18. Plaintiff realleges the above paragraphs as if fully set out here.

19. The conduct of Defendant, as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff was denied a work environment free of discrimination in violation of 42 U.S.C. § 2000e *et seq. as amended*, 42 U.S.C. § 1981(a), and was not given equal opportunity in the terms and conditions of her employment.

20. Defendant's termination of Plaintiff's employment on the basis of sex was

willful and with malice and reckless disregard for Plaintiff's federally protected rights.

21. As a result of these acts of Defendant, Plaintiff has been injured and damaged as follows: She has suffered emotional trauma and humiliation; she has suffered mental pain and anguish; she has incurred expenses in an attempt to enforce her legal rights; she has suffered loss of income and benefits; she has been offended by Defendant's discriminatory actions; she was denied the benefit of working in an environment in which women and men are treated equally; she has been denied future pay raises and benefits, and she has been terminated, and has been otherwise discriminated against in the terms and conditions of her employment; she was forced to work in an environment hostile to women, one in which sexual discrimination was directed toward her and other women; all in violation of her federally protected rights; and she has been otherwise injured and damaged.

## SECOND CAUSE OF ACTION
## RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

22. Plaintiff realleges the above paragraphs as if fully set out here.

23. The conduct of Defendant, as set forth above, constitutes unlawful discrimination against Plaintiff on the basis of race and/or national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff was denied a work environment free of discrimination in violation of 42 U.S.C. § 2000e *et seq. as amended*, 42 U.S.C. § 1981(a), and was not given equal opportunity in the terms and conditions of her employment.

24. Defendant's termination of Plaintiff's employment on the basis of her race and/or national origin was willful and with malice and reckless disregard for Plaintiff's federally protected rights.

5

25. As a result of these acts of Defendant, Plaintiff has been injured and damaged as follows: She has suffered emotional trauma and humiliation; she has suffered mental pain and anguish; she has incurred expenses in an attempt to enforce her legal rights; she has suffered loss of income and benefits; she has been offended by Defendant's discriminatory actions; she was denied the benefit of working in an environment in which employees are treated equally regardless of race or national origin; she has been denied future pay raises and benefits, and she has been terminated, and has been otherwise discriminated against in the terms and conditions of her employment in violation of her federally protected rights; and she has been otherwise injured and damaged.

## Prayer for Relief

As a result of the discriminatory conduct and other actions of the Defendant alleged here, Plaintiff has no effective, adequate, or complete remedy at law. Therefore, Plaintiff prays that, upon a trial by jury, she be awarded:

(a) appropriate damages to compensate her for any and all back pay and other benefits with prejudgment interest, including but not limited to reinstatement, promotions, pay increases, and any other appropriate relief that the Plaintiff is due as a result of Defendant's violation of her civil, contractual, and/or personal rights;

(b) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a and/or as otherwise allowed by federal law;

(c) punitive damages in an appropriate amount as determined by the jury;

(d) that the Defendant be permanently enjoined from continuing these unlawful practices;

(e) reasonable costs and attorney's fees;

 (f) all compensatory and punitive damages available under federal law which the jury may determine appropriate to compensate her and to deter this Defendant, along with others similarly situated, from such wrongdoing in the future; and,

 (g) any and all other relief to which she may be entitled in federal law or in equity.

A TRIAL BY JURY IS HEREBY REQUESTED.

        Respectfully submitted,

        /s/ Jimmy Jacobs
        JIMMY JACOBS (JAC051)
        Attorney for Plaintiff
        143 Eastern Boulevard
        Montgomery, Alabama 36117
        (334) 215-1788