# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE McCOLLUM, | ✦ | |
| | ✦ | |
| **Plaintiff,** | ✦ | |
| | ✦ | |
| vs. | ✦ | **CIVIL ACTION NO.:2:05-CV-1237-T** |
| | ✦ | |
| AMTREN, INC., | ✦ | |
| | ✦ | |
| **Defendant.** | ✦ | |

## ANSWER OF DEFENDANT AMTREN, INC.

**COME NOW,** Defendant Amtren, Inc. by and through the undersigned counsel, and hereby files this Answer to Plaintiff's Complaint, and states and answers as follows:

### I. JURISDICTION AND VENUE

1.      The allegations contained within Paragraph One (1) of Plaintiff's Complaint do not appear to require a response from Defendant Amtren, Inc. However, to the extent the allegations contained within Paragraph One (1) of Plaintiff's Complaint are an attempt to impose liability against Defendant Amtren, Inc., Defendant Amtren, Inc. denies the same and demands strict proof thereof.

2.      Defendant admits the allegations in Paragraph Two (2) of Plaintiff's Complaint as to jurisdiction. However, to the extent the allegations contained within Paragraph Two (2) of Plaintiff's Complaint are an attempt to impose liability against Defendant Amtren, Inc., Defendant Amtren, Inc. denies the same and demands strict

proof thereof.

3.      Defendant admits the acts complained of are primarily related to Plaintiff's place of employment in Montgomery County, Alabama, within the Middle District of Alabama.

4.      Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph Four (4) of Plaintiff's Complaint.  However, to the extent the allegations contained within Paragraph Four (4) of Plaintiff's Complaint are an attempt to impose any liability against Defendant Amtren, Inc., Defendant Amtren, Inc. denies same and demands strict proof thereof.  The Defendant, admits that the action was filed within 90 days of a Dismissal and Notice of Rights (Right to Sue) letter from the EEOC., dated September 30, 2005.

## II. PARTIES

5.      Defendant admits the allegations contained within Paragraph Five (5) of Plaintiff's Complaint.

6.      Defendant admits the allegations contained within Paragraph Six (6) of Plaintiff's Complaint.

## III. FACTUAL BACKGROUND

7.      Defendant admits the allegations contained within Paragraph Seven (7) of Plaintiff's Complaint.

8.      Defendant admits the allegations contained within Paragraph Four (4) of Plaintiff's Complaint pertaining to McCollum's preemployment interview with Kirk Lamberth, owner and president of Amtren, Inc., exclusively to the fact that the corporation was growing and in need of someone to manage operations so that Lamberth could spend

more time on selling and marking his product.  However, Defendant Amtren, Inc. lacks

sufficient information to either admit or deny the remaining allegations contained within

Paragraph Eight (8) of Plaintiff's Complaint.

8.    (sic)  Defendant Amtren, Inc. denies the allegations contained within

Paragraph Eight (8) of the Plaintiff's Complaint and demands strict proof thereof.

9.    McCollum assumed all accounting duties in October, 2004.  The white

male that was hired did not have the same title or duties as McCollum.  However, to

the extent the allegations contained within Paragraph Nine (9) of Plaintiff's Complaint are

an attempt to impose any liability against Defendant Amtren, Inc., Defendant Amtren, Inc.

denies same and demands strict proof thereof.

10.    Defendant Amtren, Inc. denies the allegations contained within

Paragraph Ten (10) of the Plaintiff's Complaint and demands strict proof thereof.

11.    Defendant admits the allegations contained within Paragraph Eleven (11) of

Plaintiff's Complaint pertaining to the accuracy of salary increases.  However, the

Defendant has insufficient information to admit or deny the timing of said salary increases.

12.    Defendant Amtren, Inc. denies the allegations contained within

Paragraph Twelve (12) of the Plaintiff's Complaint and demands strict proof thereof.

The Defendant could no longer trust the Plaintiff as a result of a number of items as

set forth in Defendant's response to Plaintiff's EEOC Complaint.

17.    (sic)  Defendant Amtren, Inc. denies the allegations contained within

Paragraph Seventeen (17) of the Plaintiff's Complaint that McCollum informed

Lamberth at the time of her termination that he was wrongfully discriminating against

her and that she would seek redress for his actions and Defendant demands strict proof thereof.   However, Defendant admits the remaining allegations contained within Paragraph Seventeen (17) of Plaintiff's Complaint.

## IV. STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

18.     The Defendant Amtren, Inc. realleges, adopts and incorporates its responses to Paragraphs 1 through 17 of the Plaintiff's Complaint as if same were set forth here *in extenso*.

19.     Defendant Amtren, Inc. denies the allegations contained within Paragraph Nineteen (19) of the Plaintiff's Complaint and demands strict proof thereof.

20.     Defendant Amtren, Inc. denies the allegations contained within Paragraph Twenty (20) of the Plaintiff's Complaint and demands strict proof thereof.

21.     Defendant Amtren, Inc. denies the allegations contained within Paragraph Twenty-One (21) of the Plaintiff's Complaint and demands strict proof thereof.

### SECOND CAUSE OF ACTION
### RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

22.     The Defendant Amtren, Inc. realleges, adopts and incorporates its responses to Paragraphs 1 through 21 of the Plaintiff's Complaint as if same were set forth here *in extenso*.

23.     Defendant Amtren, Inc. denies the allegations contained within

Paragraph Twenty-Three (23) of the Plaintiff's Complaint and demands strict proof thereof.

24.    Defendant Amtren, Inc. denies the allegations contained within Paragraph Twenty-Four (24) of the Plaintiff's Complaint and demands strict proof thereof.

25.    Defendant Amtren, Inc. denies the allegations contained within Paragraph Twenty-Five (25) of the Plaintiff's Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

**FURTHERMORE**, Defendant Amtren, Inc. denies that Plaintiff is entitled to relief as requested in the *ad damnum* clause to Plaintiff's Complaint, including all subparts, including but not limited to compensatory and punitive damages, equitable relief, attorney's fees or costs, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's complaint, and each and every allegation stated therein, fails to state a claim against Amtren, Inc. upon which relief can be granted.

2.    Plaintiff was an "employee-at-will" of Amtren, Inc.

3.    Plaintiff was terminated from Amtren, Inc. for good cause.

4.    Amtren, Inc. did not discriminate against Plaintiff on the basis of her age, her gender or on any other basis.

5.    Amtren, Inc. would have made the same decision concerning Plaintiff's employment status irrespective of her age or gender.

6.      Amtren, Inc.'s   actions concerning Plaintiff's employment were legitimate and based upon non-discriminatory factors.

7.      Amtren, Inc. denies the material allegations of Plaintiff's Complaint, and demands strict proof thereof.

8.      Amtren, Inc. denies all allegations not specifically, expressly admitted herein.

9.      Amtren, Inc. reserved the right to assert other defenses and claims when and if they become appropriate during this action.


Respectfully submitted,


 \s\ G. R. Trawick
**CLIFTON E. SLATEN (Ala. SLA013)**
**G.R. TRAWICK (Ala. TRA007)**
**ATTORNEYS FOR DEFENDANT**
**AMTREN, INC.**

**OF COUNSEL:**
**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama  36104
(334) 396-8882
(334) 398-8880 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing instrument upon the following attorney(s) of record by placing a copy of same in the United States Mail, postage prepaid this the 25th day of January, 2006.

Jimmy Jacobs, Esquire
143 Eastern Boulevard
Montgomery, Alabama 36117


\s\ G. R. Trawick
**OF COUNSEL**

F:\Business Group\Amtren Corporation\McCollum\Plead\Answer.wpd