# Exhibit "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE McCOLLUM<br>    Plaintiff | )<br>)<br>) | |
| v. | ) | CASE NUMBER 05-cv-0326-W |
| | ) | |
| AMTREN, INC.,<br>    Defendant | )<br>) | (JURY DEMAND) |

### RESPONSE TO DEFENDANT'S INTERROGATORIES

Comes Now the Plaintiff and submits her responses to the Defendant's interrogatories. The Plaintiff preserves all objections available to her at law and under the Federal Rules of Evidence and Rules of Procedure to object to the introduction of evidence related to these matters in this case.

1.  State your full name, address and telephone number. Include in your answer any maiden name, married name, nicknames, name changes, other names by which you have been known, current residence address, and previous addresses for the time frame alleged in the complaint.

>   Janice McCollum, 790 Red Eagle Rd., Prattville AL 36067, previous address: 113 Griffith Ave., Prattville AL 36066. Other Names: Janice Gosnell, Janice Gosnell Lane.

2.  State the date on which you received the "Right to Sue" notice from the EEOC as alleged in paragraph 4 of the complaint.

>   October 7, 2005.

3.  In paragraph 9 of the Complaint, you alleged that "Lamberth hired a white male in late December 2004 with the title of business manager who he gave many of the duties of the controller position." Identify the "white male" referred to in paragraph 9, and the facts upon which you base these allegations.

>   Jerry Weisenfeld

4.  In paragraph 10 of the Complaint, you alleged that Plaintiff "had occasion to observe gender bias in Lamberth's employment actions and his comments about the place of women in the workplace." State as to each alleged act of gender bias and each alleged comment about the place of women in the workplace:

>   (a)   the date, time and place of the alleged act(s) and/or comment:



1

    (b)    the detailed facts of each such act(s) and/or comment;

    (c)    the name and address of each person who was a witness to or was involved in any way in each such act(s) and/or comment.

I was expected to make the coffee on a number of occasions when there were guests in the office. This was witnessed by Amy, Jessica, Melody, David Fields, Mike Drazez, John, and Steve. I was directed by Mr. Lamberth to order and serve lunch when we had employee luncheons. He even became irate at me because coffee was not made one time. He has stated that "Did he need to hire another person for such duties". I was also expected to set up, serve, and handle the caterer for the annual open house. Male management employees were never assigned such duties nor were such an expectation of their employment by Mr. Lamberth. Mr. Lamberth, on several occasions, stated that he did not trust female employees, just before he terminated them, and he told me that before terminating me.

5.    Do you contend you satisfactorily performed your duties during your employment with Defendant?

    Yes.

6.    If the answer to the preceding interrogatory is in the negative, state as to each incident of a failure to perform you job duties:

    (a)    the date of such incident of a failure to perform your job duties;;

    (b)    the detailed facts of each such incident of a failure to perform your job duties;

    (c)    the name and address of each person who has knowledge of each such incident of a failure to perform your job duties.

7.    In paragraph 12 of the Complaint you state:

"purportedly because of an error [Plaintiff] had committed and corrected. Lamberth informed McCollum that he could not [sic] longer trust her as a result of this. This was merely a pretext for the real motive in terminating McCollum—her gender and race. Lamberth did not terminate white male employees who committed errors in their work assignments [sic] which cost the corporation significant sums of money."

    (a)    Identify each and every "error" you are referring to in this paragraph or the complaint.

2

    (b)    State each and every fact upon which you base the allegation that "the real motive in terminating McCollum—[was] her gender and race."

    (c)    Identify each and every white male employee referred to in this paragraph of the complaint.

(a) A payment error was made to Plextor; the incorrect price of the drive was paid to them, but the error was caught and corrected by me. I had inadvertently paid them what was on the invoice but then realized they had billed us for an incorrect amount.
(b) Please see the response to #4. Other male and white employees who held a professional position such as myself were not treated in the same manner.
(c) All white male professionals employed by Amtren made mistakes, yet they are not fired.

8.    State each and every fact upon which you base the allegations in Paragraph 20 of the Complaint that Defendant acted with "malice and reckless disregard for Plaintiff's federally protected rights."

    Mr. Lamberth has lied about his reason for terminating me, and has lied in concocting support for his allegations against me.

9.    In paragraph 21 of the Complaint, you allege Plaintiff "has suffered emotional trauma and humiliation; she has suffered mental pain and anguish."

    (a)    Identify each and every medical professional, mental health professional, health care provider or other person that Plaintiff has received treatment from for the alleged "emotional trauma and humiliation ... mental pain and anguish."

    None.

    (b)    Identify and describe the alleged emotional trauma, humiliation, pain and anguish.

    It's just been terrible to treated in such a dishonest and despicable manner because of my race and gender.

10.    In paragraph 21 of the Complaint, you allege Plaintiff "was forced to work in an environment hostile to women, one in which sexual discrimination was directed toward her and other women." State each and every fact upon which you based these allegations.

    Please see my response to number 4.

11.    Have you been a plaintiff, defendant, or witness in any other lawsuit?

    No.

12. If your answer to the preceding interrogatory is in the affirmative, identify the court in which the lawsuit was filed, whether you are a party or witness, the nature of the claims made in the lawsuit, and year of the lawsuit.

    No response is necessary.

13. Other than the claims involved in this lawsuit, have you ever complained about any form or kind of discrimination related to your employment?

    No.

14. If your answer to the preceding interrogatory is in the affirmative, state:

    (a) the name and address of the employer;

    (b) the date of the alleged discrimination;

    (c) the details of the alleged discrimination;

    (d) the name of the person, or entity with whom you filed, reported, or lodged your complaint;

    (e) the action taken in response to your complaint;

    (f) the determination, if any, regarding your complaint.

    No response is necessary.

15. Other than the claims involved in this lawsuit, have you ever filed a claim related to your employment with the Equal Employment Opportunity Commission ("EEOC"), the Secretary of Labor, Alabama Department of Industrial Relations, or any other state or federal agency?

    No.

16. If your answer to the preceding interrogatory is in the affirmative, state as to each claim filed:

    (a) the name of the agency with whom you filed the claim;

    (b) the date it was filed;

    (c) the name and address of the employer against whom you filed the claim;

    (d) the details of the alleged claim;

(e) each action taken pursuant to your claim;

(f) the determination, if any, as to your complaint.
No response is necessary.

17. Have you ever brought a judicial action, other than this lawsuit, against any person or employer for alleged discrimination?

No.

18. If your answer to the preceding interrogatory is in the affirmative, state:

(a) the name and address of the person or employer;

(b) the court in which the lawsuit was filed;

(c) the details of the alleged discrimination;

(d) the name and address of the person who represented you in the judicial action;

(e) the result of the judicial action.

No response is necessary.

*Janice McCollum*

Submitted this 6th day of April 2006.

*JIMMY JACOBS (JAC051)*
Attorney for Plaintiff
143 Eastern Boulevard
Montgomery, Alabama 36117
(334) 215-1788

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was transmitted to the defendants by U.S. mail, properly addressed and postage prepaid on this the ____ day of April, 2006.

_____
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

Clifton E. Slaten
G. R. Trawick
Slaten & O'Connor, P.C.
105 Tallapoosa Street, Ste. 101
Montgomery, Alabama 36104