IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE McCOLLUM ) | |
|     **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 2:-05-cv-1237-WKW |
| ) | |
| AMTREN, INC., ) | (JURY DEMAND) |
|     **Defendant** ) | |

**MOTION TO COMPEL**

COMES NOW the Plaintiff, by and through undersigned counsel, and moves the Court for an Order compelling, pursuant to Rule 37, F.R.C.P., the Defendant to provide responses to her properly promulgated discovery requests in this action. Plaintiff certifies to this Honorable Court that she has attempted to resolve these disputed matters with the Defendant, but that such efforts have failed and the intervention of the Court is necessary. In support of this motion, Plaintiff states as follows:

    1)    The plaintiff promulgated her discovery requests to the defendant on or about April 17, 2006. Plaintiff wrote to the defendant's counsel on or about June 20th that the responses were overdue. The defendant subsequently responded on or about the date of June 28, 2006 making general objections to plaintiff's discovery; making further objections to some specific requests; and, providing responses to other of the requests. (Exhibit A: Dft. Responses to Discovery; Exhibit B: Dft. First Supplement Responses to Discovery)

    2)    Counsel for the plaintiff and the defendant have discussed and attempted to resolve the defendant's objections on several occasions. These efforts have proven to be partially successful but there remain disputed requests which are the subject of this

1

motion. The parties' inability to resolve these matters, especially in light of the defendant's pending motion for summary judgment requires the plaintiff to seek the assistance of the Court in obtaining these remaining disputed items:

    a. <u>Requests no. 32 and 38 for the personnel file and other information related to Bobby Lake</u>. This individual was a consultant to the defendant who worked with the plaintiff on the installation of new accounting software. He has been identified by the defendant in its Initial Disclosures as a person with knowledge regarding the issues in this case, and was furthered identified by the defendant's CEO as one who now holds the title of Controller of the company which was held by the plaintiff during her employment. The defendant has objected that information regarding Mr. Lake is not relevant, is immaterial, and is overbroad among other objections. The defendant has not provided any grounds to support its objections to information relative to a company official with knowledge regarding the issues of the case and who has replaced, at least in part, the plaintiff in the company. Further, the defendant testified in deposition that the plaintiff failed to properly fulfill her duties in connection with installation of the accounting software that Mr. Lake as contracted to assist with. Clearly information regarding Mr. Lake's association with the defendant is relevant and essential to the plaintiff's ability to adequately respond to the defendant's summary judgment motion as well as to the anticipated testimony at trial.

    b. <u>Request no. 48 for the payroll records and personnel records of each temporary or "try and hire" employee employed by Amtren Corporation during 2001, 2002, 2003, and 2004.</u> The defendant objected to this request on the grounds that "Plaintiff has not alleged a "pattern and practice" or 'disparate impact' claim of

2

discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition."

The plaintiff alleges that the defendant's CEO demonstrated bias by word and actions against several female employees in company who were temporary clerical employees. In response to a number of questions by defendant's counsel regarding these allegations, the plaintiff responded that she must have access to the payroll and personnel records of the temporary employees in order to gather and provide information to support her allegations. (See Dft. Ex. 18 to Summary Judgment; pp. 102-111) Clearly the information requested by the plaintiff is relevant and material to her ability to adequately present evidence regarding other acts of discrimination by the defendant's CEO.

c. <u>Request no. 55 for all purchase orders received and invoices issued with detail, from DiskMakers from February 2004 to June 2005</u>. Although the defendant objected to this response on the grounds that it was "overly broad, burdensome, and in violation of Rule III (C) of the Guidelines to Civil Discovery Practice, it agreed that the documents would "be made available for inspection and copying at a mutually agreeable time and place." Despite this promise, the defendant has refused to make these documents available to the plaintiff for inspection and copying. DiskMakers was the major customer of the defendant during the time that plaintiff was employed and examination of these records is essential to her ability to refute the defendant's charges against her handling of accounts receivable and payable for the company.

d. <u>Requests nos. 59 and 60 for copies of all documents which report, reflect, or</u>

3

<u>refer to inventory errors which occurred in, or were discovered in, the years of 2002, 2003, and 2004; and, for information regarding any corrective actions taken, the person responsible for each error, and any discipline or guidance provided to any individual relative to the errors</u>.  Again, the defendant objected on the usual grounds, but agreed to provide this information at a mutually agreeable time and place.  The defendant has, however, refused to honor this promise.  The defendant has claimed that the plaintiff was fired due to an inventory error(s) and examination of this information is necessary to her to adequately defend herself against this accusation and/or to show that other employees were not terminated for making inventory errors.

      e.  <u>Request no. 61 for a copy of the Agreement for credit card processing entered into by the defendant, along with any documentation regarding credit card processing transactions during 2000-2005.</u>  The defendant objected that the request included documents prior to the time she was employed and that it was not relevant or material to the issues in the lawsuit.  The defendant's counsel asked the plaintiff a series of questions relative the defendant's accusation that she was responsible for the cancellation of the defendant's credit card processing agreement; the plaintiff denied any responsibility for this cancellation and testified that she needed copies of the Agreement and relevant documents to demonstrate that she was not responsible. (See Dft. Ex. 18 to Summary Judgment: pp. 155-175)  Nonetheless, the defendant has refused to provide the requested materials and the plaintiff must have the opportunity to review them in preparation of her defense against this accusation.

      3)  The plaintiff has shown that the defendant has failed to provide any reasonable basis to excuse its refusal to provide full and complete responses as required

4

by the rules of this Court.  The failure of the Defendant to provide full and complete responses to the Plaintiff's discovery requests have prevented her from obtaining information which is essential to the preparation of her case for trial and appears to be designed to frustrate her ability to prepare his opposition to the Defendant's summary judgment motion.  The Plaintiff moves this Honorable Court to enter an Order compelling Defendant to provide full and complete responses to her discovery requests and, further, moves the Court to award to the Plaintiff her costs in securing said responses.

Respectfully submitted this 13th day of December 2006.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
143 Eastern Boulevard
Montgomery, Alabama 36117
(334) 215-1788

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was transmitted to the Clerk of the Court for service upon counsel of record by the Court's CM/ECF system on this the 13th day of December, 2006.

/s/**Jimmy Jacobs**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

G. R. Trawick, Esq.
Slaten & O'Connor, P.C.
105 Tallapoosa Street, Ste. 101
Montgomery, Alabama 36104