PLAINTIFFS
EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JANICE McCOLLUM

       Plaintiff,

v.

AMTREN, INC.

       Defendant.

Civil Action No.: 2:05-CV-1237-WKW

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
## CONSOLIDATED DISCOVERY REQUESTS

Defendant Amtren, Inc., by and through its undersigned counsel answers Plaintiff's

Consolidated Discovery Requests as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's Interrogatories and Request for Production, in

whole and in part, to the extent any request seeks disclosure of information that is protected

by the attorney/client privilege and/or the work product doctrine.

2.    Defendant objects to Plaintiff's Interrogatories and Request for Production to

the extent the interrogatory constitutes an inappropriate fishing expedition.

3.    Defendant objects to Plaintiff's Interrogatories and Request for Production to

the extent the request is irrelevant and immaterial to the issues in this lawsuit and is not

reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant objects to Plaintiff's Interrogatories and Request for Production to

the extent any specific request is vague and/or ambiguous.

5.    Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent any request is overly broad and unduly burdensome.

6.    Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent any specific request assumes the occurrence of any wrongful conduct on the part of this Defendant and/or it seeks production of materials based on an assumption for which no evidence has thus far been provided.

7.    Defendant specifically states that there may be other objections that are appropriate as to one or more of the individual requests and the failure to assert those objections at this point does not constitute a waiver of any such objections.

8.    Defendant specifically states that all of these general objections are hereby incorporated into each and every response set forth below, as appropriate, and that production of any document occurs without waiver of any of the objections lodged herein.

## CONSOLIDATED DISCOVERY REQUEST

1.    Please produce Ms. McCollum's personnel file including, but not limited to, all supervisory files, pay records, attendance records, medical records, grievances, performance appraisals, disciplinary records, letters of commendation, awards and any records which refer to Ms. McCollum or affect Ms. McCollum's employment status with the defendants.

**RESPONSE:**    A copy of Plaintiff's personnel file is produced with the Bates stamped numbers 0001-0011.

2.    Please provide the following regarding Ms. McCollum's pay:

a.    Ms. McCollum's latest rate of pay;

-2-

     b.     Ms. McCollum's bonus formula, if any, and last bonus paid;

     c.     Ms. McCollum's commission program, if any.

**RESPONSE:**

     a.     $60,000.00

     b.     $10,000.00 paid during the first 10 weeks of 2005

     c.     none

3.     Please list and provide the cost to Defendant of all benefits and perquisites provided for or to Ms. McCollum.

     **RESPONSE:**     none

4.     Please produce Ms. McCollum's last job title and a copy of Ms. McCollum's job description.

     **RESPONSE:**     Defendant does not have any documents responsive to this production request.

5.     Please produce a copy of all supervisory directives and/or training materials provided to Ms. McCollum which were in effect during the time of her employment.

     **RESPONSE:**     Defendant does not have any documents responsive to this production request.

6.     Please produce an organizational chart(s) showing the lines of supervision in effect during Ms. McCollum's employment with Amtren which reference any employees in Ms. McCollum's chain of command.

     **RESPONSE:**     Defendant does not have any documents responsive to this

production request.

7.    Please produce all corporate year-end reports and annual financial statements for Defendant for any of the years of 2003, 2004 and 2005.

**RESPONSE:**    Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. The request is overly broad. This request constitutes an inappropriate fishing expedition. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request because it violates Rule III (C) of the Guidelines to Civil Discovery Practice. Without waving these objection, see the documents produced in response to these discovery requests.

8.    Please provide, in detail, all reasons for the termination of Ms. McCollum's employment with Defendant.

**RESPONSE:**    Plaintiff was terminated for inadequate job performance. She failed to adequately perform her responsibilities pertaining to Amtren's accounting system. She overspent on inventory. She caused Amten's checking accounts to be overdrawn and failed to notify management. She did not pay some of Amtren's vendors. She failed to notify management that some of Amtren's vendors were not being paid. Accounts Payable Reports and other accounting reports prepared by Plaintiff were not accurate. She failed to enter or did not accurately enter  vendor invoices into Amtren's accounting system. Plaintiff overpaid some vendor invoices. She failed, on several occasions, to timely make payroll tax deposits.

-4-

She failed, on several occasions, to timely respond to notices from tax revenue departments, including the Internal Revenue Service. Plaintiff caused Amtren to receive penalties for late tax deposits. She failed, on several occasions, to make timely payments on Amtren's insurance. She failed, on several occasions, to make timely entries into Amtren's accounting system. She failed, on several occasions, to make timely payments to Amtren's creditors. Plaintiff failed to timely inform management of her errors and omissions. She mislead management and falsely informed management about accounting issues, including the reasons why a credit card merchant account was cancelled. Plaintiff exceeded her authority on several occasions. She entered into a lease agreement with a copier company without management approval. She caused Amtren to not take advantage of price decreases from Plextor resulting in unnecessary overpayments. She mislead management about her failure to take advantage of Plextor price adjustments. She failed to adequately perform her duties pertaining to the Amtren's purchase of MAS90 and its contract with Wilson Price IT for a turnkey installation. Plaintiff released Wilson Price IT prior to a complete and satisfactory conversion to the new accounting system. She failed to completely and satisfactorily perform her duties related to accepting and entering orders from Amtren's customers into the accounting system. Plaintiff provided inventory/cost figures to management using average cost; standard cost was the method desired and previously used by Amtren. She failed to completely and satisfactorily perform her duties related to generating Purchase Orders/Contracts. Plaintiff failed to completely and satisfactorily perform her duties related to inventory requirements and cash requirements. She failed to completely and satisfactorily perform her duties related to the

payments of Amtren's vendor accounts. She failed to completely and satisfactorily perform her duties related to entering product bill of material assemblies into MAS 90. She provided management with incorrect costing information. Plaintiff failed to balance and reconcile bank statements in MAS 90.

9.    Please provide the following regarding all persons who participated in the decision to terminate Ms. McCollum's employment with Defendant:

      a.    name;

      b.    employment position at time of Ms. McCollum's termination;

      c.    role in decision (e.g. recommend, approve, etc.);

      d.    current employment position;

      e.    birth date, gender and race.

**RESPONSE:**    a.    Kirk Lamberth

      b.    President of Amtren

      c.    made the decision to terminate Plaintiff

      d.    same

      c.    December 11, 1956, male, Caucasian

10.    Please produce any memoranda, correspondence, e-mails and/or minutes kept of the decision making process which lead up to Ms. McCollum's employment termination.

**RESPONSE:**    Defendant does not have any documents responsive to this production request.

11.    Please produce copies of all documents taken into consideration or referred to

-6-

in the decision making process leading to Ms. McCollum's termination.

**RESPONSE:** Defendant produces the documents with the Bates stamped numbers 0012- 0062.

12.    Please produce copies of all company policies involved or invoked in the decision making process leading to Ms. McCollum's termination.

**RESPONSE:**    Defendant does not have any documents responsive to this production request.

13.    Please provide the name and last known address and telephone number of all persons interviewed by the Defendant in connection with Ms. McCollum's termination and/or the events leading up to her termination.

**RESPONSE:**    none

14.    Please produce the following regarding all persons who have replaced Ms. McCollum or assumed any of Ms. McCollum's job responsibilities since Ms. McCollum's termination of employment:

       a.    name;

       b.    last known address and telephone number;

       c.    last employment position;

       d.    birth date, race and gender;

       e.    pay rate at time of replacement;

       f.    current pay rate;

       g.    promotions since Ms. McCollum's termination;

      h.    bonus amount since Ms. McCollum's termination;

      i.    copy of personnel file (Ms. McCollum agrees to any reasonable protective order regarding production of said personnel file).

**RESPONSE:**    a.    Lisa McNamee

      b.    5320 Perimeter Parkway

             Montgomery, Alabama 36116

      c.    Executive Assistant

      d.    August 1, 1978, Asian, female

      e.    $25,000.00

      f.    $40,000.00

      g.    Accounting Administrator, Executive Assistant

      h.    none

      i.    Defendant produces the documents contained in the personnel file of Lisa McNamee that are discoverable with the Bates stamped numbers 0063-0068. Defendant objects to the production of the other documents contained in the personnel file. These documents are not subject to discovery based on state and federal laws and regulations. For example, documents containing medical information are not subject to discovery.

      a.    Susan Secber

      b.    5320 Perimeter Parkway

             Montgomery, Alabama 36116

        c.      Business Manager

        d.      August 23, 1970, Caucasian, female

        e.      $40,000.00

        f.      $45,000.00

        g.      Business Manager

        h.      none

        i.      Defendant produces the documents contained in the

personnel file of Susan Secber that are discoverable with the Bates stamped numbers 0069-0072. Defendant objects to the production of the other documents contained in the personnel file. These documents are not subject to discovery based on state and federal laws and regulations. For example, documents containing medical information are not subject to discovery.

15.    Please produce copies of all postings, advertisements, or announcements of Ms. McCollum's position after Ms. McCollum's termination.

**RESPONSE:**      Defendant does not have any documents responsive to this production request.

16.    Please produce the following regarding all persons who performed the same or substantially the same job duties as Ms. McCollum during the time that she was employed with Defendants.

        a.      name;

        b.      birth date, race and gender;

      c.    last known address and telephone number;

      d.    last known employment position;

      e.    dates of employment with Defendant;

      f.    if no longer employed with Defendant, reason for leaving;

      g.    copy of personnel file (Ms. McCollum agrees to any reasonable protective order regarding production of said personnel file).

**RESPONSE:**    Defendant does not have any documents responsive to this production request. In response to the "interrogatory" contained in this production request, Defendant states that no other employee performed the same or substantially the same job duties as Plaintiff during the time that she was employed with Defendant.

17.    Please provide the following information regarding all employees of Defendants whose employment was involuntarily terminated either by firing, lay off or requested resignation for the years 2001, 2003, 2003, and 2004, providing for each of the following:

      a.    name;

      b.    birth date/race/gender;

      c.    date of termination of employment;

      d.    reason for termination of employment;

      e.    name and birth date/race/gender of replacement;

      f.    name of decision makers involved in termination of employment.

**RESPONSE:**    Defendant objects to this discovery request.    Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff

has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested facts are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition.

18.    Please provide the following information for all persons hired by Defendant in its Montgomery location during the years 2000, 2001, 2002, 2003, 2004 and 2005:

>   a.    name;
>
>   b.    birth date/race/gender;
>
>   c.    date of hire;
>
>   d.    position hired into;
>
>   e.    position as of this date;
>
>   f.    termination date, if applicable;
>
>   g.    termination reasons, if applicable.

**RESPONSE:**    Defendant objects to this discovery request.    Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested facts are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition.

19.    Please produce all documents and other things indicating whether any administrative or court complaints of race discrimination have been filed against Amtren

Corporation or any of its officers from 1996 until the present, including but not limited to:

      a.    cause caption and case number;

      b.    name, birth date and last known address and telephone number of complainant;

      c.    copy of charge or complaint;

      d.    name and address of complainant's counsel, if any;

      e.    disposition of said complaint.

**RESPONSE:**      Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition. Without waving these objections, Defendant does not have any documents responsive to this production request. Without waving these objection in response to the "interrogatory" contained in this discovery request, Defendant states no other administrative or court complaint of race discrimination has been filed against Amtren or any of it officers.

20.    Please state the following regarding each of the paragraphs of Defendants' answer and affirmative defenses:

      a.    any fact of which Defendant has knowledge supporting each paragraph identifying said paragraph with said facts;

      b.    the names and last known addresses of persons with knowledge of the

facts in 21a identifying said person with said facts;

c.   identification of and copies of all documents which support any of the aforementioned paragraphs, identifying which paragraph is supported by which document.

**RESPONSE:**      I.      Paragraph 1.

a.      Plaintiff has not alleged a disparate impact, or pattern and practice theory of discrimination. Plaintiff has not alleged any direct evidence to establish the existence of discriminatory intent. Plaintiff has not alleged sufficient circumstantial evidence to establish a *prima facie* case of discrimination to create a question of fact for the jury. Plaintiff has not sufficiently alleged that she was discriminated because of her race or national origin. Plaintiff has not sufficiently alleged that she engaged in conduct similar to persons outside of her protected class, female. She has not sufficiently identified similarly situated persons outside of the protected class who received more favorable treatment.

b.      Kirk Lamberth

Lisa McNamee

c.      See documents produce in response to these discovery requests.

II.      Paragraph 2.

a.      Plaintiff did not have an employment contract with Defendant.

b.      Kirk Lamberth

c.      Defendant does not have any documents responsive to this

-13-

production request.

III.   Paragraph 3.

a.   See responses to these discovery requests.

b.   Kirk Lamberth

Lisa McNamee

c.   See documents produced in response to these discovery

requests.

V.   Paragraph 5.

a.   See responses to these discovery requests.

b.   Kirk Lambert

Lisa McNamee

c.   See documents produced in response to these discovery

requests.

VI.   Paragraph 6.

a.   See responses to these discovery requests.

b.   Kirk Lamberth

Lisa McNamee

c.   See documents produced in response to these discovery

requests.

21.   Please identify all witnesses, including expert witnesses, which Defendant may

call at trial in support of Defendants' allegations and Defendants' answer and affirmative

defenses providing for each:

     a.    name, address and employment position;

     b.    expected testimony.

**RESPONSE:**    Defendant will provide this information within the time required by the scheduling order.

24. [sic] Please indicate whether Defendant has insurance coverage for liability for any of the causes of action set forth in Ms. McCollum's Complaint, and, if so, provide the following:

     a.    name of insurance carrier and address;

     b.    description of coverage;

     c.    Monetary limit of coverage.

**RESPONSE:**    none

25.    Please provide the name, address and employment position of all persons who participated in providing responses to these interrogatories and/or requests for produce.

**RESPONSE:**    Lisa McNamee, Bobby Lake and Kirk Lamberth.

26.    Please produce all policies, procedures, guidelines, pamphlets, EEO statements or other similar documents which evidence, refer to, or relate to your efforts to comply with Title VII rules, regulations, or guidelines.

**RESPONSE:**    Defendant produces the documents with Bates stamped numbers 0073-0075.

27.    Please produce all petitions and counterclaims filed in the last 10 years alleging

that you terminated, retaliated against or discriminated against any employee complaining of race, color, or gender discrimination.

**RESPONSE:**    Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition. Without waving these objections, Defendant does not have any documents responsive to this production request.

28.    Please produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last 4 years regarding your policies and procedures concerning race, color or gender discrimination.

**RESPONSE:**    See response to number 26.

29.    Please produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities regarding your policies or procedures regarding reporting incidences of race, color or gender discrimination.

**RESPONSE:**    See response to number 26.

30.    Please produce all brochures, pamphlets, codes of conduct, instructions, training

-16-

information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons or entities regarding your policies or procedures designed to ensure implementation of equal employment practices and procedures.

**RESPONSE:** See response to number 26.

31. Please produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies or procedures related to race, color, or gender discrimination, harassment, or the reporting of such discriminatory practices.

**RESPONSE:** See response to number 26.

32. Please produce the personnel file of all employees who held management positions with the defendant in its Montgomery location during the years 2002 - 2005.

**RESPONSE:** Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or 'disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition.

33. Please produce the personnel file for Kirk Lamberth, Lisa McNamee, Bobby Lay [sic], and Jerry Weisenfeld.

**RESPONSE:** Defendant produces the documents contained in the personnel file of Kirk Lamberth that are discoverable with the Bates stamped number 0076. Defendant

-17-

objects to the production of the other documents contained in the personnel file. These documents are not subject to discovery based on state and federal laws and regulations. For example, documents containing medical information are not subject to discovery. Discoverable documents contained in the personnel file of Lisa McNamee are produced in response to these discovery requests. Defendant objects to the production of the personnel files of Bobby Lake and Jerry Weisenfeld. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition. Plaintiff has not alleged these persons are similarly situated and/or received different treatment because of their race and/or sex.

34. Please produce all minutes, interoffice correspondence (including e-mail), tape recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Ms. McCollum. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

**RESPONSE:** Defendant does not have any documents responsive to this production request.

35. Please produce all review, performance appraisals, memos (including e-mail), studies or other similar documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you.

-18-

To: Administrator of Amtren Corporation Profit Sharing Plan

I acknowledge receipt of my summary of annual report, statement of value of participation and a copy of the form 5500 for the plan year ended 12-31-00.

_____

Charles K. Lamberth

_____

Date

McCollum v Amtren 0076
Amtren Documents

**RESPONSE:**       See the personnel file of Plaintiff produced in response to these discovery requests. Defendant does not have any additional documents responsive to this production request.

36.    Please produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memoranda (including e-mail), which evidence, refer to, or relate to the quality of Plaintiff's job performance.

**RESPONSE:**       Defendant produces documents with the Bates stamped numbers 0077-0078. See documents produced in response to these discovery requests. At the present time, Defendant has not identified any additional documents responsive to this production request.

37.    Please produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum (including e-mail), which evidence, refer to, or relate to the quality of Jerry Weisenfeld's job performance.

**RESPONSE:**       Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition. Plaintiff has not alleged that she and Jerry Weisenfeld are similarly situated employees or that he received different treatment because of his race and/or sex.

-19-

38.    Please produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum (including e-mail), which evidence, refer to, or relate to the quality of Bobby Lay's [sic] job performance.

**RESPONSE:**    Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The request is overly broad. This request constitutes an inappropriate fishing expedition. Plaintiff has not alleged that she and Bobby Lake are similarly situated employees or that he received different treatment because of his race and/or sex.

39.    Please produce any employee manual, handbook or other document reflecting the general employment terms, conditions and/or duties of Plaintiff with you.

**RESPONSE:**    Defendant does not have any documents responsive to this production request.

40.    Please produce all policies, procedures, memos, guidelines, standards or other similar documents indicating the document retention policy you had in place from 2000 through the present.

**RESPONSE:**    Defendant does not have any documents responsive to this production request.

41.    Please produce any records relating to any of your documents or files that have

-20-

been destroyed or disposed of in the last five years through this date.

**RESPONSE:**     Defendant does not have any documents responsive to this production request.

42.     Please produce any file indexes, directions or instructions you give to your employees regarding the review, preservation or destruction of any documents.

**RESPONSE:**     Defendant does not have any documents responsive to this production request.

43.     Please produce the General Ledger detail for all Amtren accounts by month, starting with February 2004 through June 2005.

**RESPONSE:**     Defendant objects to the production of these requested documents. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. This request constitutes an inappropriate fishing expedition. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.

44.     Please produce all cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.

**RESPONSE:**     Defendant does not have any documents responsive to this production request.

45.     Please provide a Statement of Cash Flows, Balance Sheets, and Income

-21-

Statements for Amtren Corporation for each month beginning with February 2004 through June 2005.

**RESPONSE:**        Defendant objects to the production of these requested documents. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. This request constitutes an inappropriate fishing expedition. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice. Without waving these objections, Defendant produces the documents with the Bates stamped numbers 0079-0274.

46.    Please produce any and all reviews, performance appraisals, memos, studies or other similar documents that refer or relate in any way to the termination of Plaintiff's employment with you.

**RESPONSE:**        Defendant objects to this request on the grounds that it is overly broad, and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice. Without waving these objections, see the documents produced in response to these discovery requests.

47.    Please produce the name and address of each agency or company utilized by Amtren Corporation to obtain temporary or permanent employees during the 2003, 2004, and 2005 calendar year time period.

**RESPONSE:**        Walker Personnel
                     300 Arba Street
                     Montgomery, Alabama
                     334-265-4100

-22-

Workforce of Montgomery, Inc.
300 Arba Street
Montgomery, Alabama
334-265-0100

Smelling Personnel Services
3001 Zelda Road
Montgomery, Alabama
334-270-0100

Bradley Personnel Consultants
5283 Vaughn Road
Montgomery, Alabama
334-2723539

48. Please produce the payroll records and personnel records of each temporary or "try and hire" employee employed by Amtren Corporation during 2001, 2002, 2003, and 2004.

**RESPONSE:** Defendant objects to the production of these requested documents. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. This request constitutes an inappropriate fishing expedition. Plaintiff has not alleged that she and any of these persons are similarly situated employees or that they received different treatment because of their race and/or sex. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.

49. Please provide the name, gender, race, date of birth, date of hire, and (if

-23-

applicable) date of termination of all persons employed by Amtren Corporation during 2001, 2002, 2003, and 2004.

**RESPONSE:**      Defendant objects to providing the information requested in this interrogatory. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested facts are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. This request constitutes an inappropriate fishing expedition. Plaintiff has not alleged that she and any of these persons are similarly situated employees or that they received different treatment because of their race and/or sex. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.

50.      Please provide a copy of all IRS Form 941's filed by Amtren Corporation for the years of 2000 through 2005.

**RESPONSE:**      Defendant objects to the production of these requested documents before Plaintiff was employed by Defendant. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005.   The request is overly broad. This request constitutes an inappropriate fishing expedition. Without waving these objections, Defendant produces the documents with the Bates stamped numbers 0034-0036.

51.      Please provide a copy of each invoice received from Wilson Price during 2003, 2004, and 2005, with detailed explanations of the services rendered.

**RESPONSE:**            Defendant objects to the production of these requested documents before Plaintiff was employed by Defendant. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. The request is overly broad. This request constitutes an inappropriate fishing expedition. Without waving these objections, Defendant produces the documents with the Bates stamped numbers 0042-0048. To the extent this production request contains an "interrogatory", the document contains an explanation of the services provided.

52.    Please provide the following regarding any "mistake" you alleged Ms. McCollum made regarding billing, payment, or invoicing of vendors during her employment with Amtren Corporation:

        a.    invoice from vendor;

        b.    check issued to vendor;

        c.    copy of all documentation of credits associated with the above.

**RESPONSE:**            See the documents produced in response to these discovery requests.

53.    Please provide a copy of all American Express bills with detail from Feb [sic] 04 to June 05.

**RESPONSE:**            Defendant objects to the production of these requested documents. This request constitutes an inappropriate fishing expedition. The requested facts are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence Defendant objects to this request on the grounds

-25-

that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.

54.    Please provide all documentation which validates or supports your allegation that Ms. McCollum reported incorrect AP balances or cash flow to Mr. Lamberth.

**RESPONSE:**    Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice. Without waving these objections, see the documents produced in response to these discovery requests.

55.    Please provide all purchase orders received and invoices issued with detail, from DiskMakers from February 2004 to June 2005.

**RESPONSE:**    Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice. Without waving these objections, these documents will be made available for inspection and copying at a mutually agreeable time and place.

56.    Please provide documentation for all Alabama payroll taxes, with copies of payments made and correspondence related to these taxes, during the time period of January 2001 through June 2005.

**RESPONSE:**    Defendant objects to the production of these requested documents before Plaintiff was employed by Defendant. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. This request constitutes an inappropriate fishing expedition. The requested facts are irrelevant and immaterial to the issues in this lawsuit and

-26-

are not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.

57.    Please identify the individual at Wilson Price who made the statement, "No other manufacturers use average costing" to Mr. Lamberth or any other employee of Amtren Corporation.

**RESPONSE:**    Kirk Lamberth does not recall who made this statement.

58.    Please provide a detailed statement (or copies of) for all BC/BS invoices showing when they were due and when they were paid with copies of the canceled checks.

**RESPONSE:**    See the documents produced in response to these discovery requests

59.    Please provide copies of all documents which report, reflect, or refer to inventory errors which occurred in, or were discovered in, the years of 2002, 2003, and 2004.

**RESPONSE:**    Defendant objects to the production of the documents requested in this discovery request. Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Defendant objects to the production of documents before Plaintiff's employment. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.    This request constitutes an inappropriate fishing expedition.    Plaintiff has not alleged that she and any other person are similarly situated employees or that any other

-27-

employee received different treatment because of their race and/or sex. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice. Without waving these objections, documents of inventory errors by Plaintiff will be made available at a mutually agreeable time and place.

60.     For each error identified in number 59 above, state the corrective action taken by Amtren; the person(s) responsible for the error; and, any guidance or discipline given to the individual(s) deemed responsible for said error(s).

**RESPONSE:**     Defendant objects to this discovery request.     Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005. Defendant objects to this discovery request at it pertains to information before Plaintiff's employment. Plaintiff has not alleged a "pattern and practice" or "disparate impact" claim of discrimination. The requested information is irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.     This request constitutes an inappropriate fishing expedition. Plaintiff has not alleged that she and any other person are similarly situated employees or that any other employee received different treatment because of their race and/or sex. Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.

61.     Please provide a copy of the Agreement for credit card processing services entered into by Mr. Lamberth with WebMasters, along with any documentation regarding credit card processing transactions during the time period of 2000-2005.

-28-

**RESPONSE:**       Defendant objects to the production of these requested documents.  The requested documents before Plaintiff was employed by Defendant are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.  The request is overly broad.  This request constitutes an inappropriate fishing expedition.  Without waving these objections, Defendant does not know what Plaintiff is making reference to by "WebMasters' agreement.

62.     Please provide a copy of the monthly bank statements for each Amtren bank account for the time period of January 2000 through June 2005.

**RESPONSE:**       Defendant objects to the production of these requested documents.  Plaintiff was employed by Defendant on January 22, 2004 and was terminated on April 8, 2005.  The requested documents before Plaintiff was employed by Defendant are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.  This request constitutes an inappropriate fishing expedition.  Defendant objects to this request on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice.  Without waving these objections, the bank statements containing errors made by Plaintiff will be made available for inspection and copying at a mutually agreeable time and place.

63.     Please produce all billing statements that Defendant's attorneys have generated for work done regarding this lawsuit.  Descriptions of work performed may be redacted from the documents produced.

**RESPONSE:**       Defendant objects to the production of these documents.  These

-29-

documents are protected by the attorney-client privilege and/or work product. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.    This request constitutes an inappropriate fishing expedition.

64.    Please produce documents including the number of hours that the Defendant's attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of time sheets or bills that reflect the number of hours Defendant's attorneys have worked, whether billed, or not charged to Defendants.

**RESPONSE:**    Defendant objects to the production of these documents. These documents are protected by the attorney-client privilege and/or work product. The requested documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.    This request constitutes an inappropriate fishing expedition.

65.    Please produce any and all letters, evaluations, cards, notes or other similar documents Defendants have received from customers or vendors regarding the Plaintiff's job performance.

**RESPONSE:**    See the documents produced in response to these discovery requests. At the present time, Defendant has not be able to locate any additional documents.

66.    Please produce any and all letters, evaluation, cards, notes or other similar documents relating to or indicating complaints made by customers or anyone else doing business with Defendants regarding Plaintiff.

-30-

**RESPONSE:**        See the documents produced in response to these discovery requests. At the present time, Defendant has not be able to locate any additional documents.

67.    Any and all documents you sent to or received from any governmental entity including, but not limited to, the Alabama Department of Industrial Relations or the EEOC regarding Plaintiff's employment with you, or the ending of Plaintiff's employment with you.

**RESPONSE:**        Defendant produces the documents with the Bates stamped numbers 0275-0320.

68.    Please produce any and all documents that relate to the Plaintiff's application for employment with you.

**RESPONSE:**        See the Plaintiff's personnel file.

69.    Any and all resumes, analyses, notes, memos or similar documents relating to the Plaintiff's efforts to seek employment from other employers since the ending of Plaintiff's employment with you.

**RESPONSE:**        Defendant does not understand this discovery request.

70.    Please produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony.

**RESPONSE:**        This information will be provide within the time set forth in the Court's scheduling order.

71.    Please produce the most current resume of every expert used for consultation but is not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert

-31-

who you may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

**RESPONSE:**     This information will be provide within the time set forth in the Court's scheduling order.

72.     Please produce all documents, including all tangible reports, maps, compilations of data or other materials, sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony which concerns any aspect of this lawsuit.

**RESPONSE:**     This information will be provide within the time set forth in the Court's scheduling order.

73.     Please produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This request includes all invoices or bills generated by said experts.

**RESPONSE:**     This information will be provide within the time set forth in the Court's scheduling order.

74.     Please produce all documents that defendant contends support or constitute evidence supporting any defense defendant intends to offer to this action.

**RESPONSE:**     Defendant objects to this discovery request because it violates Rule III (C) of the Guidelines to Civil Discovery for the United States District Court for the

-32-

Middle District of Alabama.

75.   Please produce all statements obtained from any person, business, or organization of any kind pertaining to the subject matter of this civil action.

**RESPONSE:**   Defendant objects to the production of any documents protected by the attorney-client privilege and/or documents that are work product. Defendant does not have any documents responsive to this discovery request that are not covered by the herein stated objections.

Respectfully submitted this____ day of June, 2006.

_____
**G. R. "RICK" TRAWICK (TRA007)**
**Attorney for Defendant**

**OF COUNSEL**
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104
(334) 396-8882 PH
(334) 396-8880 FAX

_____
**Kirk Lamberth**

**STATE OF ALABAMA**          )
**COUNTY OF MONTGOMERY)**

I, the undersigned, a Notary Public in and for said State and County, hereby certify that KIRK LAMBERTH, whose name is signed to the foregoing and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she

-33-

executed the same voluntarily.

Given under my hand and official seal on this the _____ day of June, 2006.

_____

(SEAL)                          **NOTARY PUBLIC**
                                **My Commission Expires:** _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by placing a copy of the same in the U.S. mail, with proper postage prepaid, to:

JIMMY JACOBS, ESQUIRE
143 Eastern Boulevard
Montgomery, Alabama 36117

DATED this the _____ day of June 2006.

_____

G. R. "Rick" TRAWICK
Attorney for Defendant

F:\Business Group\Amtren Corporation\McCollum\Disc\Resp. to Plaintiff's Discovery.wpd

-34-