PLAINTIFFS EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE McCOLLUM | ◆ |
| Plaintiff, | ◆ |
| v. | ◆ Civil Action No.: 2:05-CV-1237-WKW |
| AMTREN, INC. | ◆ |
| Defendant. | ◆ |

## DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUESTS

Defendant Amtren, Inc., by and through its undersigned counsel, supplements its answers Plaintiff's Consolidated Discovery Requests as follows:

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Interrogatories and Request for Production, in whole and in part, to the extent any request seeks disclosure of information that is protected by the attorney/client privilege and/or the work product doctrine.

2. Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent the interrogatory constitutes an inappropriate fishing expedition.

3. Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent the request is irrelevant and immaterial to the issues in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

1

4. Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent any specific request is vague and/or ambiguous.

5. Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent any request is overly broad and unduly burdensome.

6. Defendant objects to Plaintiff's Interrogatories and Request for Production to the extent any specific request assumes the occurrence of any wrongful conduct on the part of this Defendant and/or it seeks production of materials based on an assumption for which no evidence has thus far been provided.

7. Defendant specifically states that there may be other objections that are appropriate as to one or more of the individual requests and the failure to assert those objections at this point does not constitute a waiver of any such objections.

8. Defendant specifically states that all of these general objections are hereby incorporated into each and every response set forth below, as appropriate, and that production of any document occurs without waiver of any of the objections lodged herein.

## CONSOLIDATED DISCOVERY REQUEST

17. Please provide the following information regarding all employees of Defendants whose employment was involuntarily terminated either by firing, lay off or requested resignation for the years 2001, 2003, 2003, and 2004, providing for each of the following:

    a.    name;

    b.    birth date/race/gender;

    c.    date of termination of employment;

  d. reason for termination of employment;

  e. name and birth date/race/gender of replacement;

  f. name of decision makers involved in termination of employment.

RESPONSE: See Document Number 0321.

 18. Please provide the following information for all persons hired by Defendant in its Montgomery location during the years 2000, 2001, 2002, 2003, 2004 and 2005:

  a. name;

  b. birth date/race/gender;

  c. date of hire;

  d. position hired into;

  e. position as of this date;

  f. termination date, if applicable;

  g. termination reasons, if applicable.

RESPONSE: See Document Number 0322.

 33. Please produce the personnel file for Kirk Lamberth, Lisa McNamee, Bobby Lay [sic], and Jerry Weisenfeld.

RESPONSE: Defendant produces the documents contained in the personnel file of Jerry Weisenfeld that are discoverable with the Numbers 0323-0329.

 37. Please produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum (including e-mail), which evidence, refer to, or relate to the quality of Jerry Weisenfeld's job performance.

RESPONSE: Defendant does not have any documents responsive to this request.

43.    Please produce the General Ledger detail for all Amtren accounts by month, starting with February 2004 through June 2005.

RESPONSE: See Documents Numbers 0330–659.

50.    Please provide a copy of all IRS Form 941's filed by Amtren Corporation for the years of 2000 through 2005.

RESPONSE: See Documents Numbers 0660-0667, 0669-0670, 0673-0683, 0689-0691, 0693-0695.

56.    Please provide documentation for all Alabama payroll taxes, with copies of payments made and correspondence related to these taxes, during the time period of January 2001 through June 2005.

RESPONSE: See Documents Numbers 0668, 0697-0702.

62.    Please provide a copy of the monthly bank statements for each Amtren bank account for the time period of January 2000 through June 2005.

RESPONSE: See Documents Numbers 0703-1131.

Respectfully submitted this 1st day of December 2006.

G. R. "RICK" TRAWICK (TRA007)
**Attorney for Defendant**

**OF COUNSEL**
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street

4

Suite 101
Montgomery, Alabama 36104
(334) 396-8882 PH
(334) 396-8880 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document (excluding numbered documents which were copied by independent copying company, as requested by counsel for plaintiff) has been served on the following by placing a copy of the same in the U.S. mail, with proper postage prepaid, to:

JIMMY JACOBS, ESQUIRE
143 Eastern Boulevard
Montgomery, Alabama 36117

DATED this the 1st day of December 2006.

G. R. "Rick" TRAWICK
Attorney for Defendant

Business Group/Amtren/McCollum/Discovery/First Supplemental Responses