IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 27 P 3: 44

| | | |
|---|---|---|
| JANICE McCOLLUM, | ✦ | |
| | ✦ | |
| Plaintiff, | ✦ | |
| | ✦ | |
| vs. | ✦ | Case No. 2:05-CV-1237-WKW |
| | ✦ | |
| AMTREN, INC., | ✦ | |
| | ✦ | |
| Defendant. | ✦ | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
AND
PLAINTIFF'S MOTION TO EXTEND TIME FOR
SUMMARY JUDGMENT RESPONSE**

   **COMES NOW** Defendant Amtren, Inc., ("Amtren"), by and through counsel, and responds to Plaintiff's Motion to Compel and Plaintiff's Motion to Extend Time for Summary Judgment Response as follows:

   1.   On February 27, 2006, the Court entered a Uniform Scheduling Order which states that dispositive motions shall be filed no later than November 27, 2006. (Doc. # 11, section 2, p. 1).

   2.   Amtren timely filed its Motion for Summary Judgment, supported by admissible evidence and a brief. (Doc. # 12).

   3.   The Court ordered Plaintiff to file a response "which shall include a brief and

1

any evidentiary material on or before December 20, 2006." (Doc. # 15). The order further states that Amtren may file a reply brief on or before December 27, 2006. (Doc. # 15, order dated November 30, 2006).

4. On December 13, 2006, Plaintiff filed the pending Motion to Compel. (Doc. # 16). For the reasons stated hereinafter, the motion is due to be denied.

5. On December 14, 2006, Plaintiff filed a Motion to Extend Time For Summary Judgment Response. (Doc. #17). In the motion, Plaintiff alleges she "has diligently conducted discovery" and that she "needs the documents and/or information set forth in her Motion to Compel in order to fully and fairly respond to the Motion For Summary Judgment." (Doc # 17, par. 2, p. 1). For the reasons stated hereinafter, the motion is due to be denied.

6. On June 28, 2006, Amtren responded to Plaintiff's First Consolidated Discovery requests by answering interrogatories, producing documents, stating that certain documents would be made available for inspection and copying at a mutually agreeable time, and objecting to specific interrogatories and production requests. *See generally, Exhibit A, attached to Plaintiff's Motion to Compel.*

7. Kirk Lamberth ("Lamberth"), who is the President of Amtren, was identified in Amtren's responses to interrogatories as the person who made the decision to terminate Plaintiff. *See, Exhibit A, attached to Plaintiff's Motion to Compel, par. 9, p. 6.*

8. Plaintiff made no attempt to take Lamberth's deposition for approximately 5 months and did not request a date for his deposition until Amtren noticed Plaintiff's deposition. Between June 28, 2006 and November 15, 2006, Plaintiff's Counsel did not

2

attempt to review the documents that were available for inspection and copying or have any contact with Amtren's counsel to discuss the objections to specific interrogatories and production requests.

9. On October 25, 2006, Amtren deposed Plaintiff Janice McCollum ("Plaintiff").

10. On November 15, 2006, Plaintiff deposed Kirk Lamberth. In his deposition, Lamberth testified that he made the decision to hire McCollum and that he was her supervisor during her employment with Amtren. *See Deposition of Lamberth, p. 27, line 23; p. 28, lines 1-6; p. 39, lines 4-7, filed in support of Defendant's Motion for Summary Judgment (Doc. # 14).*

11. During Lamberth's deposition, Amtren's Counsel reminded Plaintiff's Counsel that he had failed to make arrangements to review the documents that were available for inspection and copying. Amtren's Counsel also agreed to meet with Plaintiff's Counsel immediately following Lamberth's deposition to attempt to resolve the objections to specific discovery requests.

12. Immediately after Lamberth's deposition, counsel met to discuss the outstanding discovery issues. Amtren's Counsel agreed to withdraw some of its objections, file a supplemental response and to make additional documents available at a time to be decided by Plaintiff's Counsel. Plaintiff's Counsel delayed reviewing these documents until November 29, 2006. During the November 15, 2006 meeting, counsel discussed Request No. 55 which seeks production of "all purchase orders received and invoices issued with detail, from DiskMakers from February 2004 to June 2005." In the June 2006 response, Amtren objected

to this request "on the grounds that it is overly broad, burdensome and that it violates Rule III (C) of the Guidelines to Civil Discovery Practice." Without waving these objections, Amtren agreed to make these documents available for inspection and copying at a mutually agreeable time. *See Exhibit A, attached to Plaintiff's Motion to Compel, par. 55, p. 26.* Between June 28, 2006, and November 15, 2006, Plaintiff's Counsel made no attempt to review these documents. Because Amtren does not contend Plaintiff failed to perform any duties related to DiskMakers and because Lamberth was not questioned about this company during his deposition, Amtren's Counsel inquired, during the November 15, 2006 meeting, as to whether production of these documents were necessary. Plaintiff's Counsel responded he did not know why they requested these documents and would discuss this issue with his client to determine if they needed these documents. Plaintiff's Counsel waited until the meeting on November 29, 2006, to inform Amtren's Counsel that he needed to review these documents "for comparative purposes." Plaintiff's Counsel has not set a time to review these documents. These documents are still available for inspection and copying at a time convenient for counsel. In the Motion to Compel, Plaintiff states these documents are "essential to her ability to refute the defendant's charges against her handling of accounts receivable and payable for the company." Again, Amtren does not contend that Plaintiff failed to perform her duties related to DiskMakers. Consequently, these documents are not helpful in establishing Plaintiff's prima facie case, or in rebutting the legitimate, nondiscriminatory reasons for her termination as proffered by Lamberth. More importantly, these documents are not "essential to [Plaintiff's] ability to refute the defendant's charges" because there are no charges related

4

to DiskMakers.

Under these circumstances, Plaintiff's Motion to Compel the production of "all purchase orders received and invoices issued with detail, from DiskMakers from February 2004 to June 2005" should be denied. Concomitantly, Plaintiff's last minute attempt to delay responding to Amtren's Motion for Summary Judgment because she has not had an opportunity to review the purchase orders and invoices related to DiskMakers should also be denied.

13.    In the Motion to Compel, Plaintiff's seeks the production of the personnel file of Bobby Lake (incorrectly identified in the discovery requests as Bobby Lay). *See Motion to Compel par. 2(a), p. 2.* Plaintiff states that Bobby Lake "has replaced, at least in part, the plaintiff in the company." There is no evidence to support the allegation that Bobby Lake replaced Plaintiff and Plaintiff has not provided the Court with any evidence to support this allegation. Plaintiff merely alleges in the motion that Lake holds the title of "Controller." Plaintiff was employed by Amtren to be the accounting manager. *See Depo. of McCollum, p. 27, lines 19-21; Depo. of Lamberth, p. 27, line 23; p. 28, lines 1-6, filed in support of Defendant' Motion for Summary Judgment (Doc. #14).* Plaintiff was replaced as accounting manager by Lisa McNamee who, like McCollum, is a female of Korean ancestry. *See Deposition of Lamberth, p. 101, lines 20-23; p. 102, lines 1-23; p. 103, lines 1-2; p. 107, lines 5-13, filed in support of Defendant's Motion for Summary Judgment (Doc. # 14).* After Lisa McNamee resigned her position, Lamberth hired Susan Seeber to be the accounting manager for Amtren.  *See Deposition of Lamberth, p. 26, lines 13-17; p. 27, lines 19-20;, p. 111, lines 19-23; Exhibit 16, filed in support of Defendant's Motion for Summary*

5

*Judgment (Doc. # 14). See also, Defendant's Responses to Plaintiff's First Consolidate Discovery, par. 14, p. 7, attached as Exhibit A to the Motion to Compel.* Lamberth testified that Bobby Lake ("Lake") was hired as general manager after Plaintiff was terminated and the position of general manager was a new position. *See Deposition of Lamberth, p. 22, lines 17-19; p. 26, lines 6-12; p. 27, lines 21-22, attached hereto as Exhibit 1.* Further, Lamberth testified that Lake, as general manager supervises the accounting areas and because he is also a CPA has the secondary title of controller to act as a double check on the accounting system. *See Deposition of Lamberth, p. 22, lines 17-19; p. 25, lines 11-23; p. 26, lines 1-5.* There is no evidence to establish that Lake performs any of the duties that Plaintiff performed.

Plaintiff further alleges in the Motion to Compel that Lake was a consultant to Amtren who worked with her on the installation of a new accounting software and has knowledge of the issues in this case. Lamberth testified that Lake worked with Wilson-Price, the company that sold the accounting software to Amtren and Lake was the technical assistance person provided by Wilson-Price to assist in the implementation of the system. *See Deposition of Lamberth, p. 96, lines 17-20, attached hereto as Exhibit 2.* Lamberth also testified he is not aware of any complaints made by Lake to Wilson-Price about Plaintiff's job performance. *See Deposition of Lamberth, p. 96, lines 21-1-23; p. 97, lines 1-2, attached hereto as Exhibits 2,3.* Plaintiff has not attempted to subpoena Lake's personnel file at Wilson-Price.

Plaintiff further alleges in her Motion to Compel that "information regarding Mr. Lake's association with the defendant is relevant and essential to the plaintiff's ability to adequately respond to the defendant's summary judgment motion as well as to the anticipated

6

testimony at trial." *See, Motion to Compel par. 2(a), p. 2.* Since June 2006, Plaintiff has not requested that Lake be made available for a deposition and has not attempted to take his deposition. Plaintiff has had approximately six months to take the deposition of Lake to obtain information regarding his association with her. Beyond question, "information regarding [Lake's] association with the defendant" could be obtained through deposition testimony. If Plaintiff believes such information is necessary for trial, Amtren will not object if Plaintiff desires to take Lake's deposition before discovery ends.

The issue in Plaintiff's Motion to Compel is the production of Lake's personnel file at Amtren. There is no allegation in the complaint, deposition testimony by Plaintiff, or allegations in Plaintiff's Motion to Compel that Lake is a similarly situated male employee who engaged in the same or similar conduct as Plaintiff and was not terminated. On behalf of Lake, Amtren has objected to the production of his personnel file because "Plaintiff has not alleged [he is] similarly situated and/or received different treatment because of [his] race and/or sex" and because the request for production of his personnel file is merely a fishing expedition. *See Exhibit A, attached to Plaintiff's Motion to Compel, par. 32, p. 18; par. 38, p. 20.* Under these facts, the privacy interests of Lake justifies the Court limiting Plaintiff's ability to obtain discovery of his personnel file prior to taking his deposition. *See Camara v. Brinker Internation,* 161 Fed. Appx. 893, 2006 U.S. App. Lexis (11th Cir. 2006); *Gehring v. Case Corporation,* 43 F.3d 340 (7th Cir. 1994).

Moreover, there is no allegation or facts to establish that information in Lake's personnel file would be helpful to Plaintiff in establishing her prima facie case, or in rebutting

7

the legitimate, nondiscriminatory reasons for her termination as proffered by Lamberth. First, there is a "strong public policy against the discovery of personnel files." *Coker v. Duke & Company, Inc.,* 177 F.R.D. 692, 1998 U.S. Dist. LEXIS 3780 (M.D. Ala 1998). Consequently, "the discovery of such files is permissible only if '(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable.'" *Id.* (quoting *Cooperman v. One Bancorp,* 134 F.R.D. 4 (D. Me. 1991).

Under these circumstances, Plaintiff's Motion to Compel the production of Lake's personnel file should be denied. Concomitantly, Plaintiff's last minute attempt to delay responding to Amtren's Motion for Summary Judgment because she has not had an opportunity to review Lake's personnel file at Amtren should also be denied.

14. The Motion to Compel also pertains to Request No. 48 which requests that Amtren produce "the payroll records and personnel records of each temporary or 'try and hire' employee employed by Amtren corporation during 2001, 2002, 2003, and 2004." During the November 15, 2006, meeting to discuss the outstanding discovery issues, Plaintiff's Counsel stated it was not necessary for Amtren to produce these documents because he had issued a subpoena to Walker Personnel. *See Exhibit 4, attached hereto.* Walker Personnel was identified as the "agency or company utilized by Amtren Corporation to obtain temporary or permanent employees during the 2003, 2004, and 2005 calendar year time period." *See, Exhibit A attached to Plaintiff's Motion to Compel, par. 47, p. 22.* Even if Plaintiff's Counsel denies this agreement, the Motion to Compel should be denied for the following reasons.

Plaintiff states in the Motion to Compel that "[Lamberth] demonstrated bias by word

8

and actions against several female employees who were temporary clerical employees" and these records are "relevant and material to her ability to adequately present evidence regarding other acts of discrimination by [Lamberth]." Amtren has identified "all employees whose employment was involuntarily terminated either by firing, lay off or requested resignation for the years 2001, 2002, 2003, and 2004." *See, Exhibit B attached to Plaintiff's Motion to Compel, par. 17, p. 2.* Further, Amtren has identified "all persons hired by Defendant in its Montgomery location during the years 2000. 2001, 2002, 2003, 2004 and 2005." *See, Exhibit B attached to Plaintiff's Motion to Compel, par. 18, p. 3."* Plaintiff has not requested the production of the personnel file of any person identified in the responses to these two discovery requests. Amtren does not have a personnel file for the employees of Walker Personnel who worked at Amtren. These files are maintained by Walker Personnel.

Even if Plaintiff now believes that there may be other temporary clerical employees of Amtren who are not identified in the three categories above, the Motion to Compel seeking the production of "the payroll records and personnel records of each temporary or 'try and hire' employee employed by Amtren corporation during 2001, 2002, 2003, and 2004" should be denied. Plaintiff has not specifically stated why the "payroll records" of temporary clerical employees are relevant to her claims. Plaintiff has not alleged that she received less compensation than similarly situated male employees or that temporary female clerical employees received less compensation than temporary male clerical employees. Plaintiffs states these records are discoverable because "[Lamberth] demonstrated bias by word and actions against several female employees who were temporary clerical employees." Beyond

9

question, these payroll records are absolutely irrelevant.

Plaintiff also seeks production of the "personnel records of each temporary or 'try and hire' employee employed by Amtren Corporation during 2001, 2002, 2003, and 2004." The request is not limited to female employees and is therefore overly broad. The personnel records of each male "temporary or 'try and hire' employee employed by Amtren Corporation during 2001, 2002, 2003, and 2004" is absolutely irrelevant to the stated purpose in the Motion to Compel that Plaintiff alleges "[Lamberth] demonstrated bias by word and actions against several female employees who were temporary clerical employees."

The request for the personnel records of female employees who were temporary clerical employees is clearly a fishing expedition. Plaintiff has not alleged a sex based claim of hostile work environment. Therefore, any act of bias by word and action heard by temporary clerical employees would not admissible to prove Plaintiff's disparate treatment claim.

To the extent Plaintiff is "fishing" for direct evidence of discriminatory intent on the part of Lambert, these alleged statements, even if believed, do not constitute direct evidence of discriminatory intent. In the context of employment discrimination cases, it is well-settled that direct evidence is evidence which, if believed, proves the existence of a fact in issue, such as the existence of a discriminatory motive, without inference or presumption; if the evidence merely suggests that the employer acted with a discriminatory motive then it is circumstantial evidence, not direct evidence. *See, e.g., Wilson v. B/E Aerospace, Inc.*, 376 F. 3d 1079, 1096-87 (11th Cir. 2004); *Bass v. Bd. of County Comms.*, 256 F. 3d 1095, 1105 (11th Cir. 2001);

*Standard v. A.B.E.L. Servs., Inc.,* 161 F. 3d 1318, 1330 (11th Cir. 1998); *Carter v. City of Miami,* 870 F. 2d 578, 582 (11th Cir. 1989); *Merritt v. Dillard Paper Co.,* 120 F. 2d 1181, 1189 (11th Cir. 1987); *Rollins v. TechSouth, Inc.,* 833 F. 2d 1525, 1528 n.6 (11th Cir. 1987). *See also, Jones v. Bessemer Carraway Medical Center,* 151 F. 3d 1321, 1323 n.11 (11th Cir. 1998)(noting comments "you black girls get away with everything," "you black girls make me sick, sometimes I feel like just hitting you in the head" are not direct evidence of discrimination in dismissal); *Burrell v. Bd. of Trustees of Georgia Military College,* 125 F. 3d 1390, 1393 (11th Cir. 1997)(holding statement made a year before employee's termination that employer wanted to hire a man for the position because too many women filled officer positions did not constitute direct evidence in termination claim); *Carter v. City of Miami,* 870 F. 2d 578, 582 (11th Cir. 1989)(stating "little old Jewish lady" was not direct evidence of age discrimination, especially as it was not directed to plaintiff); *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F. 3d 1354, 1358 (11th Cir. 1999)(holding that alleged comment "even though women aren't typically in that type of position we'll see what happens when we throw your name out there to corporate" does not correlate with an intent to discriminate).

    Plaintiff admits these alleged comments were not about her or directed toward her. More importantly, these alleged statements, if believed, do not prove the existence of a discriminatory motive on the part of Lamberth in his decision to terminate Plaintiff. Moreover, these alleged comments do not constitute circumstantial evidence that Lamberth acted with discriminatory motive when he made the decision to terminate Plaintiff.

Concomitantly, such evidence is not admissible to establish Plaintiff's prima facie case or to rebut the legitimate, non-discriminatory reasons proffered by Lambert for Plaintiff's termination. Consequently, Plaintiff's last minute attempt to delay responding to Amtren's Motion for Summary Judgment because she has not had an opportunity to review these documents should also be denied.

15. Plaintiff's Motion to Compel seeks to compel the production of documents identified in Request Numbers 59 & 60 "which report, reflect, or refer to inventory errors which occurred in, or were discovered in, the years of 2002, 2003, and 2004; and, for information regarding any corrective actions taken, the person responsible for each error, and any discipline or guidance provide to any individual relative to the errors." *See Motion to Compel par. 2(e), pp. 3-4.* In the Motion to Compel, Plaintiff's Counsel states "the defendant objected on the usual grounds, bu agreed to provide this information at a mutually agreeable time and place." *Id.* In its response to request number 59, Amtren agreed that "inventory errors by Plaintiff will be made available at a mutually agreeable time and place." *See, Exhibit A to Plaintiff's Motion to Compel, p. 28.* Amtren has not been able to located any documents other than the documents previously produced to Plaintiff.

During the meetings on November 15, 2006, and November 29, 2006, Amtren's Counsel attempted to get Plaintiff's Counsel to narrow these requests. He refused to narrow the requests and said that any documents of an inventory error made by a person on the production line must be produced. Clearly, these two requests are overly broad, and do not comply with Rule III (C) of the Guidelines to Civil Discovery Practice. These documents

pertaining to a person who is not similarly situated to the Plaintiff are not helpful in establishing her prima facie case, or in rebutting the legitimate, nondiscriminatory reasons for her termination as proffered by Lamberth. Consequently, Plaintiff's last minute attempt to delay responding to Amtren's Motion for Summary Judgment because these documents have not been produced should be denied.

16. Plaintiff's Motion to Compel seeks to compel the production of "the Agreement for credit card processing services entered into by Mr. Lamberth with WebMasters." *See Exhibit A, par. 61, pp. 28-29.* Amtren responded it "does not know what Plaintiff is making reference to by the 'WebMaster's Agreement'". *Id.* Amtren still does not know what Plaintiff is making reference to by "WebMasters Agreement".

**WHEREFORE,** Amtren respectfully requests that this Court deny Plaintiff's Motion to Compel and Motion to Extend Time to Respond to Amtren's Motion for Summary Judgment.

Respectfully submitted this 27th day of December, 2006.

/s/ R. Trawick
G. R. "Rick" TRAWICK (Ala. TRA007)
**Attorney for Defendant Amtren, Inc.**

**OF COUNSEL:**
**SLATEN & O'CONNOR, P.C.**
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 398-8880 fax

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing instrument upon the following attorney(s) of record by placing a copy of same in the United States Mail, postage prepaid this the 27th day of December, 2006.

                        Jimmy Jacobs, Esquire
                        143 Eastern Boulevard
                        Montgomery, Alabama 36117

                                  /s/ H.R. Trawick
                        **OF COUNSEL**

F:\Business Group\Amtren Corporation\McCollum\Plead\Defendant's Response to Plaintiff's Motion to Compel.wpd