IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| | | |
|---|---|---|
| JANICE McCOLLUM, | ✦ | |
| | ✦ | |
| Plaintiff, | ✦ | |
| | ✦ | |
| vs. | ✦ | Case No. 2:05-CV-1237-WKW |
| | ✦ | |
| AMTREN, INC., | ✦ | |
| | ✦ | |
| Defendant. | ✦ | |

**DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT TESTIMONY IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes Now the Defendant Amtren, Inc., ("Amtren") and pursuant to Rule 56(e) of the Federal Rules of Civil Procedure moves to strike portions of Plaintiff's affidavit testimony. Accordingly, Amtren states as follows:

**I.  Summary of Undisputed Facts.**

1. On December 20, 2006, Plaintiff filed a Response to Amtren's Motion for Summary Judgment.

2. In her Response, Plaintiff relies upon certain portions of her testimony in an affidavit filed as Exhibit 2 which contain inadmissible hearsay, contradicts testimony in her deposition, are merely conclusory arguments, are merely speculation and contain statements that are not made on personal knowledge or otherwise admissible as evidence in this case.

3. In her affidavit, McCollum states that "Lamberth instructed me, as a matter of

1

company policy, to allow outstanding invoices to age for at least 45 days and to try to pay them within 60 days" and "[t]here were no complaints from Padus regarding nonpayment of their invoices during the time I was employed as Amtren's accounting manager." *See Exhibit 2, par. 6, pp. 3-4 to McCollum's Response.* This testimony contradicts her deposition testimony and should not be considered by the Court in ruling on Amtren's Motion for Summary Judgment.

In her deposition, McCollum testified as follows:

"Q. Were there any problems with Amtren making timely payments to Padus?

A. When you say timely payment, what are the terms?

Q. What do you mean by timely payments?

A. We tried to pay all of our vendors within 45 days. Sometimes that worked out, and sometimes it didn't. It depended on cash flow.

Q. Now, my question is, were there problems with making timely payments to Padus?

A. There may have been. I don't remember.

Q. You don't recall any?

A. I mean, I don't know. I would have to see the documents.

Q. Well, were there lots of accounts that there were problems with making timely payments to?

A. No, not in my opinion.

Q. Then, if there was a problem with Padus, you should remember that, then; is that correct?

A. Maybe I should. It's two years ago. I don't.

>   Q. However, you do recall that there were problems with making timely payments to some of the accounts payable of Amtren; is that correct?
>
>   A. No, I don't recall that. We tried to pay everybody in 45 days. You know, that was our terms."

*Depo. of McCollum, p. 185, lines 13-23; p. 186, lines 1-23.*

    4.     In her affidavit, McCollum testified "my white male predecessor as Accounting Manger was not terminated for making under and over payments of payroll taxes to the IRS or to the Alabama Department of Revenue." *See Exhibit 2, par. 9, p. 5 to McCollum's Response.* This testimony should not be considered by the Court because it is hearsay within the meaning of Rule 801, Federal Rules of Evidence and is not admissible under Rule 802, Federal Rules of Evidence. She admits these reports were filed before she started working at Amtren and has not testified she examined these reports and determined the errors were made by her "white male predecessor." McCollum does not show in either her affidavit or deposition testimony that she has personal knowledge of these alleged "under and over payments" made by her predecessor as required by Rule 602, Federal Rules of Evidence. Also, this testimony should not be admitted because the tax returns are the best evidence of these alleged errors as required by Rule 1002, Federal Rules of Evidence. To the extent this is an opinion by a lay witness, the testimony is not admissible under Rule 701, Federal Rules of Evidence. This testimony should not be considered by the Court in ruling on Amtren's Motion for Summary Judgment.

    5.     In her affidavit, McCollum states "Amtren had overdraft charges prior to my employment" and "Lamberth did not fire my white male predecessor when he allowed the

3

company to incur bank overdrafts." This testimony should not be considered by the Court because it is hearsay within the meaning of Rule 801, Federal Rules of Evidence and is not admissible under Rule 802, Federal Rules of Evidence. She admits these alleged overdraft charges were incurred before she started working at Amtren and has not testified she examined the bank statements and determined the errors were caused by her "white male predecessor." McCollum does not show in either her affidavit or deposition testimony that she has personal knowledge of these alleged overdraft charges or any information to establish that the overdraft charges were caused by errors of her predecessor as required by Rule 602, Federal Rules of Evidence. Also, this testimony should not be admitted because the bank statements are the best evidence of these alleged errors as required by Rule 1002, Federal Rules of Evidence. To the extent this is an opinion by a lay witness, the testimony is not admissible under Rule 701, Federal Rules of Evidence. This testimony should not be considered by the Court in ruling on Amtren's Motion for Summary Judgment.

6. In her affidavit, McCollum states "[t]here is no truth to Amtren's claims that Lamberth became aware at 'the end of February, March and early April' of problem with my job performance." *See Exhibit 2, par. 2, p. 1 to McCollum's Response.* This statement is merely a conclusory argument and should not be considered by the Court in ruling on Amtren's Motion for Summary Judgment. To the extent this is an opinion by a lay witness, the testimony is not admissible under Rules 701, 704, Federal Rules of Evidence.

7. In her paragraph 5 of her affidavit, McCollum states that Lisa McNamee could not have replaced her as accounting manager. McCollum further states "she did not have

sufficient accounting experience at the time to assume the role of accounting manager" and that "Amtren required the Accounting Manager to have 3 to 5 years experience as an accountant." These statements are merely conclusory arguments and should not be considered by the Court in ruling on Amtren's Motion for Summary Judgment. To the extent this is an opinion by a lay witness, the testimony is not admissible under Rules 701, 704, Federal Rules of Evidence.

### II.   STANDARD OF REVIEW

Rule 56(e) of the Federal Rules of Civil Procedure requires that "affidavits which support or oppose summary judgment motions "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." "An affidavit that does not measure up to the standard of Rule 56(e) is subject to a timely motion to strike." *See Thomas v. Alabama Council on Human Relations, Inc.,* 2248 F. Supp. 1105, 1112 (M.D. Ala. 2003)(affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike).

Accordingly, inadmissible hearsay is insufficient to overcome a motion for summary judgment. *See McMillan v. Johnson,* 88 F. 3d 1573, 1584 (11th Cir. 1996).

### III.   CONCLUSION

Parts of Plaintiff's affidavit fail to comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Specifically, parts of Plaintiff's affidavit contain inadmissible hearsay, conclusory arguments, and speculation. Accordingly, those parts should be striken and not considered by the Court when ruling on Amtren's Motion for Summary

Judgment.

Respectfully submitted this 27th day of December, 2006.

/s/ G. R. Trawick
G. R. "Rick" TRAWICK (Ala. TRA007)
**Attorney for Defendant Amtren, Inc.**

**OF COUNSEL:**
**SLATEN & O'CONNOR, P.C.**
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882
(334) 398-8880 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing instrument upon the following attorney(s) of record by placing a copy of same in the United States Mail, postage prepaid this the 27th day of December, 2006.

Jimmy Jacobs, Esquire
143 Eastern Boulevard
Montgomery, Alabama 36117

/s/ G. R. Trawick
OF COUNSEL

F:\Business Group\Amtren Corporation\McCollum\Plead\Motion to Strike parts of Plaintiff's Affidavit.wpd