IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE McCOLLUM   ) | |
|    **Plaintiff**   ) | |
|                    ) | |
| v.                 ) | Case No. 2:-05-cv-1237-WKW |
|                    ) | |
| AMTREN, INC.,      ) | (JURY DEMAND) |
|    **Defendant**   ) | |

**RESPONSE TO DEFENDANTS' MOTION TO STRIKE
PORTIONS OF PLAINTIFF JANICE McCULLOM'S AFFIDAVIT**

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits her Response to the Defendants' Motion to Strike Portions of the plaintiff's Affidavit submitted in support of her summary judgment response. The defendant complains in its motion that several isolated statements within plaintiff's affidavit should be stricken because they are "inadmissible hearsay", "contradicts testimony in her deposition", "lay opinion", "conclusory argument", and/or not the "best evidence". The defendant's argument underscores the multiplicity of disputed facts in this case. The plaintiff disputes these conclusory allegations by the defendants and shows that the motion is due to be denied.

   1. The "hearsay" claims. Amtren claims the following statements are hearsay within the meaning of Rule 801, FRE:

   (a) …*my white male predecessor as Accounting Manger was not terminated for making under and over payments of payroll taxes to the IRS or to the Alabama Department of Revenue.*"; and,

   (b) "*Amtren had overdraft charges prior to my employment*" and *"Lamberth did not fire my white male predecessor when he allowed the company to incur bank overdrafts"*.

   Rule 801(c) defines hearsay as a statement, other than one made by the declarant

1

while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. The plaintiff does not offer any statements made by other individuals in her affidavit. The two statements referenced by the defendant in its motion are made from her personal knowledge of facts known to her as accounting manager and controller of the defendant as well as through discovery in this litigation.

Even when an affidavit contains statements that recount information and statements allegedly made by other individuals, the information and statements made are admissible when they are offered to prove that the statements were made, not when they are offered to prove the truth of the matters asserted therein. *Givhan v. Electronic Engineers, Inc.*, 4 F.Supp.2d 1331 (M.D.Ala.1998) Similarly, an out of court statement offered merely to show circumstantial evidence of the declarant's knowledge of the existence of some fact, as opposed to being offered to prove the truth of the matter asserted, is admissible and is not considered hearsay. *United States v. Parry*, 649 F.2d 292, 295 (5th Cir.1981) *cited* in *Story v. Sunshine Foliage World, Inc.*, 120 F.Supp.2d 1027 (M.D. Fla. 2000).

To the extent that any of the statements complained of by the defendants in their motion may be deemed as hearsay by the Court, all are capable of being rendered admissible at trial and should not be stricken from consideration in support of her opposition to the defendants' summary judgment motion. *Marshall v. Planz*, 113 F. Supp. 2d 1246 (M.D. Ala. 1998) (a plaintiff may present testimony that constitutes inadmissible hearsay where that hearsay will be reducible to admissible form at trial"). The defendants' motion to strike is due to be denied in its entirety on this point.

2. <u>The "contradictory statements" claim</u>.  The defendant points to two statements in the plaintiff's affidavit as being inconsistent with her deposition testimony.  In the first, McCollum relates that the defendant's CEO had instructed her to allow invoices to age for 45 days and to pay them within 60 days.  Defendant, in the instant motion, claims this contradicts McCollum's response to its attorney's question regarding "problems with timely payments to Padus" wherein she stated to him that she tried to make payments within 45 days but that it depended on the company's cash flow. (Motion at p. 2)  The defendant also complains that McCollum's affidavit testimony "[t]here were no complaints from Padus regarding nonpayment of their invoices during the time I was employed as Amtren's accounting manager." contradicts the same portion of her deposition. (Motion at p. 2)  Neither statement contradicts or is inconsistent with McCollum's answers to the questions asked of her by the defendant's attorney in deposition.

For the Court to strike the plaintiff's affidavit or any statements therein, it must find that her testimony is *clearly inconsistent*, or that there is an *inherent inconsistency* between her affidavit and deposition. (*emphasis added*)  See *Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (11th Cir. 1986); *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1530 (11th Cir. 1987).  McCollum was not asked any questions about Lambeth's instructions to her regarding payment of invoices during her deposition, and her affidavit testimony is not clearly inconsistent with any evidence that is in the record.  Similarly, when asked about problems with making "timely" payments to Padus, McCollum stated that she could not remember any but that she would have to see the documents to be certain.  The defendant has not produced any evidence that there were any complaints made by Padus while

McCollum was still employed with the Amtren. The defendant's motion is due to be denied on this point.

      3. <u>The "lay opinion" claims</u>.   The defendant moves the Court to strike portions of McCollum's affidavit on the grounds that she violates Rule 701 by stating an opinion as a lay witness.  Rule 701, FRE provides:

> *If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.*

The defendant complains here of McCullom's statements of fact that her white male predecessor as Amtren's accounting manager was not terminated from his job when incorrect reports were made to the Internal Revenue Service or when the company incurred late charges on its bank accounts while he was employed, and that Lisa McNamee did not possess the experience to meet Amtren's qualifications for the job of accounting manager.(motion at pp. 3-5)   The plaintiff notes, as an initial point, that these are not "opinions" but statements of fact made from her personal knowledge which the defendant has not disputed.[1]   If the facts were in dispute and the testimony were opinion, it would still be admissible because it is rationally based on the perception of McCullom and is helpful to determination of the facts in issue.  The defendant's motion is due to be denied on this point, as well.

      4. <u>The "best evidence" claim</u>.  The plaintiff is puzzled by the complaint involving Rule 1002 of the Federal Rules of Evidence.  The plaintiff states that her white male predecessor was not fired when he made errors in submitting payroll tax deductions or

---

[1] McCullom also attached to her affidavit a copy of Amtren's newspaper ad which set forth its requirements for the position of accounting manager, along with McNamee's resume.

incurred late fees on the company's bank accounts.  These are facts known to her from her work as the defendant's accounting manager and controller.   The defendant does not dispute these facts in their reply brief.  No original documents are necessary to "prove" an undisputed fact.  If the defendant disputes these facts at the trial of this matter, the plaintiff will introduce appropriate evidence consistent with the rule.  The motion is due to be denied on this point.

     5.  <u>The "conclusory argument" claim</u>.  The defendant complains to the Court that McCollum's statements that:

    (a) *"[t]here is no truth to Amtren's claims that Lamberth became aware at 'the end of February, March and early April' of problems with my job performance.";* and

    (b) *"she* [Lisa McNamee] *did not have sufficient accounting experience at the time to assume the role of accounting manager"* and *"Amtren required the Accounting Manager to have 3 to 5 years experience as an accountant."*

should be stricken as conclusory argument.   McCullom offers this testimony in response to Amtren's conclusory statement that Lamberth became of aware of performance problems and discussed them with her during that time period. (Brief at ¶ 21)  Amtren has offered absolutely no evidence to support this assertion; McCullom has proffered substantial evidence showing that Lamberth was praising her work in March of that year(see PX 3: Letter 3/30/05), and states repeatedly throughout her affidavit that Lamberth never discussed any performance problems with her until the day that he terminated her employment. (¶¶ 2, 3. 4, 6, 7, 8 and 12)   McCullom also has offered substantial evidence in support of her contention that McNamee did not possess the qualifications for the Accounting Manger position at Amtren. (See Exs. A and B to Pltf. Affidavit)

To some extent, all argument in summary judgment briefs and replies is argument in support of some conclusion that the party urges upon the Court, but McCollum offers solid facts and evidence in support of the statements cited in this motion by the defendant. The defendant, on the other hand, has offered no evidence in support of its contrary positions. Each of the statements is a clear statement of fact premised upon Ms. McCullom's personal knowledge at the time of her affidavit, and the motion is due to be denied as to this point as well.

The plaintiff has shown by reference to the facts and to the law that the defendants' motion to strike portions of her affidavit is unfounded, and the motion is due to be denied in its entirety.

Respectfully submitted this 17th day of January 2007

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
143 Eastern Boulevard
Montgomery, Alabama 36117
(334) 215-1788

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was transmitted to the Clerk of the Court for service upon counsel of record by the Court's CM/ECF system on this the 17th day of January 2007.

/s/**Jimmy Jacobs**
JIMMY JACOBS (JAC051)

COUNSEL OF RECORD:

Clifton E. Slaten
G. R. Trawick
Slaten & O'Connor, P.C.
105 Tallapoosa Street, Ste. 101
Montgomery, Alabama 36104